TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Kevin Murray

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Murray,<br><br>    Plaintiff,<br><br>  vs.<br><br>Wells Fargo Bank, N.A.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br> **1. THE TELEPHONE CONSUMER**<br> **PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Kevin Murray (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Wells Fargo Bank, N.A. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Hampton, Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Defendant is a business entity located in San Francisco, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.     Upon information and belief, a financial obligation was allegedly incurred by a person who is not a party to this lawsuit (hereafter "Debtor").

7.     Plaintiff is not the Debtor and has no responsibility for repayment of Debtor's debt.

8.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

9.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 917-XXX-5281 (hereafter "Number").

10.     Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

11.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

12.     When Plaintiff answered the calls from Defendant, he heard a prerecorded message addressed to a D. Fletcher, the Debtor.

13.     On or about April 13, 2016, Plaintiff called Defendant and demanded that all calls to his Number cease.

14.     Defendant responded that Plaintiff's Number would be removed from its calling list within forty-eight (48) hours.

15.     Nevertheless, Defendant continued to place calls to Plaintiff's Number using an ATDS and/or Robocalls at an excessive and harassing rate.

3

16.     Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

19.     Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded voice addressed to the Debtor.

20.     Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

21.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

4

22.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

23.     The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

24.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

25.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1

2    DATED:  August 2, 2016                    TRINETTE G. KENT

3
                                              By:    /s/   Trinette G. Kent
4                                             Trinette G. Kent, Esq.
5                                             Lemberg Law, LLC
                                              Attorney for Plaintiff, Kevin Murray
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28